UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE FIELDS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. SANCHEZ, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-01122-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRIORITY LAW LIBRARY ACCEESS<br><br>(Doc. 8)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

Plaintiff Davonte Fields is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On September 2, 2022, Plaintiff filed a complaint against three correctional officers ("COs") at California State Prison–Corcoran ("Corcoran") asserting a claim of excessive force. (Doc. 1.) The Court has not yet screened the complaint as required by 28 U.S.C. § 1915A(a).

On November 4, 2022, Plaintiff filed a motion regarding his status as a Priority Legal User ("PLU") and extended access to the law library. (Doc. 8.) The Court liberally construes the pleading as a motion for injunctive relief and recommends the denial of the motion.

///

///

**I.     BACKGROUND**

    **A.     Factual Allegations in Complaint**

According to Plaintiff, on October 31, 2019, COs Sanchez and Flores escorted him to the rotunda at special housing unit ("SHU") at Corcoran for medical evaluation for suspected suicidal ideations. While in restraints and being escorted, Sgt. Burns instructed COs Sanchez and Flores to take Plaintiff to the rotunda cage. Once there, Sgt. Burns removed Plaintiff's glasses, and without warning or provocation, the three defendants began striking Plaintiff in the face and upper torso, knocking him to the ground. Defendants continued to strike Plaintiff until he lost consciousness and required hospitalization at Adventist Health Bakersfield Hospital.

On September 2, 2022, Plaintiff filed the complaint, seeking compensatory and punitive damages.

    **B.     Legal Standards**

Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, the court has no power to hear the matter in question. *Id.* A moot action is one where the issues are no longer alive or the parties lack a legally cognizable interest in the outcome. *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) (citing *Lee v. Schmidt-Wenzel & Harter*, 766 F.2d 1387, 1389 (9th Cir. 1985)). The purpose of a temporary restraining order ("TRO") is to preserve the status quo before a preliminary injunction hearing may be held; its provisional, remedial nature is designed to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The courts do not have personal jurisdiction over nonparties or prison officials in general. *See Zepeda v. U.S.*

2

*Immigration Svc.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65(a)–(b). A TRO or preliminary injunction is only binding on the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with those individuals. Fed. R. Civ. P. 65(d)(2)(A)–(C).

Rule 65 requires notice to the adverse party. Fed. R. Civ. P. 65(a)(1). The rule allows TROs to issue without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B). Similarly, Local Rule 231 contains a notice provision:

> Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice. See Fed. R. Civ. P. 65(b). Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the Court, and the nature of the relief to be requested.

L.R. 231(a). This local rule also requires notice and submissions in support of a motion for a preliminary injunction, including (1) briefing on all legal issues raised the motion, (2) an affidavit supporting the existence of irreparable harm, (3) an affidavit detailing notice or efforts to give notice, or good cause for not giving notice, and (4) a proposed TRO. L.R. 231(c)(3)–(6).

The analysis for issuance of a TRO is "substantially identical" to the analysis for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy" and may issue only if the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that

an injunction is in the public interest. *Glossip v. Gross*, 576 U.S. 863, 876–77 (2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant bears the burden of satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. *Caribbean Marine Serv. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

The PLRA requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). This subsection significantly limits a court's power to grant preliminary injunctive relief to inmates and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of Cal.*, 220 F.3d 987, 998–99 (9th Cir. 2000).

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. *Id.* at 636.

**II.   DISCUSSION**

On November 4, 2022, Plaintiff filed a request[1] for the Court's assistance in restoring his Priority Legal User ("PLU") status, which affords him priority access to law library resources and

---

[1] Although Plaintiff's request has elements of a letter, construing Plaintiff's pleading liberally, the Court will consider the request as a motion.

1  a minimum of four hours of access per week or requested access.  (Doc. 8.)  Plaintiff states that
2  he has multiple developmental disabilities; disorders that affect his social interactions,
3  intelligence, and functioning; and disorders that lower his impulse control and frustration
4  tolerance.  According to Plaintiff, his weaknesses are obvious to staff and other prisoners and
5  make him "an easy target for abuse."  (*Id.* at 1.)  Plaintiff asserts that he was separated from his
6  peers who helped him with lawsuits and other matters.  He requests the Court to order Corcoran
7  "to decrease their methods of retaliations" against him and to stop interfering with his PLU status.

8  After careful consideration of Plaintiff's application and declaration, the Court is unable to
9  order injunctive relief against CDCR under the circumstances of this case.  Rule 65 of the Federal
10 Rules of Civil Procedure provides: "***Notice.*** The court may issue a preliminary injunction only on
11 notice to the adverse party."  Fed. R. Civ. P. 65(a)(1) (alteration in original).  Under Local Rule
12 231(a), "[e]xcept in the most extraordinary of circumstances," the Court will not issue a TRO in
13 the absence of actual notice or a showing of efforts made to provide notice to the adverse party.
14 L.R. 231(a) (citing Fed. R. Civ. P. 65(b)).

15 At this early stage in the proceedings, where the complaint has not yet been screened or
16 served, the Court does not have jurisdiction over the named defendants or CDCR.  The Court
17 does not have jurisdiction over non-parties, and any TRO or preliminary injunction would not be
18 binding on Corcoran or unnamed Corcoran officials.  Additionally, Plaintiff's request for
19 injunctive relief exceeds the scope of the case.  The request for assistance with library access is
20 unrelated to the allegations of excessive force raised in the complaint.

21 Finally, Plaintiff has failed to satisfy the *Winter* test for preliminary injunctive relief.  In
22 the current posture of the case, with no operative complaint, Plaintiff is unable to demonstrate a
23 likelihood of success on the merits.  Plaintiff is unable to satisfy the second prong by showing a
24 likelihood of irreparable harm in the absence of preliminary injunctive relief.  Although Plaintiff
25 seeks restoration of his priority status, he only states, "I actually really need it." (Doc. 8 at 2.)  He
26 has not alleged an inability to access the law library or conduct legal work as necessary.  These
27 factors weigh against injunctive relief.
28

The final two *Winter* factors, considerations of the balance of equities and the public interest, also weigh against injunctive relief. The balance of the equities and the public interest would not be served by the issuance of an unenforceable TRO or preliminary injunction. Under these circumstances, Plaintiff has failed to meet his burden to demonstrate that injunctive relief is necessary or appropriate to protect him from imminent harm. Therefore, a TRO or preliminary injunction should not be issued in this case.

### III. CONCLUSION

Accordingly, it is hereby RECOMMENDED that Plaintiff's motion for priority legal status (Doc. 8) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **January 18, 2023**

UNITED STATES MAGISTRATE JUDGE

6