UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE FIELDS,<br><br>             Plaintiff,<br><br>      v.<br><br>J. SANCHEZ, *et al.*,<br><br>             Defendants. | Case No. 1:22-cv-01122-CDB (PC)<br><br>ORDER DENYING MOTIONS FOR MISCELLANEOUS RELIEF<br><br>(Docs. 11, 12, 14) |

Plaintiff Devonte Fields is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  Plaintiff alleges that correctional officers at California State Prison, Corcoran, used excessive force in violation of his Eighth Amendment rights. Plaintiff has filed three notices of change of address, which include motions or requests for various relief. (Docs. 11, 12, 14.)

**I.     FILINGS**

In his first notice of change of address, Plaintiff alleges that he is being retaliated against for filing "numerous of grievances due to my legal mail being withheld working to have my cases dismissed."  (Doc. 11.) He complains that his outgoing mail is not being sent, and he is "not being treated right." Plaintiff requests a 90-day extension of time because he is soon to be transferred to a different facility, and he requests the Court to send his mail "sealed." (*Id.*)

In his second "notice," Plaintiff alleges that he was wrongfully convicted of shooting at a

Sacramento Police Officer in 2014. (Doc. 12.) He acknowledges that "this has nothing to do with the case at hand," but he challenges his assault conviction and seeks a writ of habeas corpus based on false evidence used at trial. (Doc. 12 at 1–4). He also complains that he has not received mail sent by family, his outgoing mail is not being sent out, and his personal and legal property is missing. (*Id.* at 5.) Therefore, Plaintiff seeks an order requiring the prison to stop retaliating against him and to stop tampering with his confidential mail. Plaintiff requests that the Court not send him "opened mail" to avoid retaliation and to order the Clerk of Court to "seal" his confidential mail. (*Id.* at 1.) Plaintiff also seeks a 60-day extension of time to respond to the Court.

In a third "notice" and motion, Plaintiff seeks an order requiring the "prison in the Western Division to stop retaliating against Plaintiff by targeting his mail." (Doc. 14 at 1.) Plaintiff acknowledges that the Court is not "part of the jurisdiction of this prison." (*Id.*) However, he also asks "this Court [to] stop tak[ing] my restitution money as next time I will send more information." (*Id.* at 3.)

**II.   DISCUSSION**

To the extent that Plaintiff complains of retaliation and tampering with his mail, his request is unrelated to the allegations or claims raised is this action. Plaintiff indicates that he has filed grievances regarding his mail, and he must exhaust his remedies before he can raise the issue in a (separate) action pursuant to 42 U.S.C. § 1983.

Plaintiff requests that mail from the Court be sent under seal. Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). This includes having a properly marked legal mail opened only in their presence. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Hayes*, 849 F.3d at 1211 (explaining the First Amendment does not prohibit opening mail from the courts outside the recipient's presence). All filings and correspondence from a court to a litigant is in the public record, which is accessible to prison officials. *Keenan*, 83 F.3d at 1094. Moreover, Plaintiff has

not followed the procedures set forth in Local Rule 141, which governs sealing of documents. Therefore, Plaintiff's request for documents from the court to be sent under seal is denied.

To the extent that Plaintiff challenges the restitution order, Plaintiff's request to cease restitution payments is not properly before this court. Rather, Plaintiff must seek relief from the sentencing court, and restitution is unrelated to the claims raised in this lawsuit.

Plaintiff has requested 90-day and 60-day extensions of time. The court docket reveals nothing pending that requires a response from Plaintiff. The requests for extensions of time are unnecessary, and, hence, denied..

### III.    CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's motions for miscellaneous relief, (Docs. 11, 12, 14), are DENIED.

Each of the motions concerns matters unrelated to the instant case and seeks relief that cannot be granted in this case. Such meritless or frivolous pleadings burden the docket and interfere with the Court's ability to consider pending matters. Therefore, Plaintiff is admonished not to file motions seeking relief unrelated to the excessive force claims against the named defendants in this case. If Plaintiff fails to obey this order, he may be subject to sanctions.

IT IS SO ORDERED.

Dated:   **March 27, 2023**                                     _____
                                                                                   UNITED STATES MAGISTRATE JUDGE