UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE FIELDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. SANCHEZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-01122-KES-CDB<br><br>**ORDER STRIKING PLAINTIFF'S FILING OF OCTOBER 3, 2024**<br><br>(Doc. 37) |

Plaintiff Devonte Fields is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendant Burnes, Flores, and Sanchez.

**I.　　INTRODUCTION**

The Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days on July 3, 2024. (Doc. 24.) That order stayed this action for 90 days and expressly stated: "No pleadings or motions may be filed in this case during the stay." (*Id.* at 2.)

On July 19, 2024, this Court issued its Order Striking Plaintiff's Filing of July 15, 2024, advising Plaintiff his motion for the appointment of counsel "will be stricken because the action was stayed as of July 3, 2024, and the Court ordered no motions could be filed during that stay. Plaintiff may refile his motion after the Court has ordered the stay lifted." (Doc. 29.) And the Court similarly issued its Order Striking Plaintiff's Filing of July 23, 2024. (Doc. 33.)

1        On September 11, 2024, the Court issued its Order Setting Settlement Conference and Settlement Conference Procedures. (Doc. 35.) Magistrate Judge Sheila K. Oberto will conduct a settlement conference in this action via Zoom videoconferencing on November 5, 2024, at 10:30 a.m.

       On October 3, 2024, Plaintiff filed document titled "Notice Hereby Request for Appointment of Counsel Due to 'Mentally Incompetent/Mentally Unstabled' 'Exceptional Circumstances' [Prevents] Plaintiff from Understanding Courts & CDCR Orders Which Would Only Rise to the Manifest Injustice Standard; Notice Hereby Declare to Know How Do Plaintiff File [Similar] Motion to Disqualify[] Judge Who Stayed My Motions Lying About the Time of Filing the Stay." (Doc. 37.)

## II.    DISCUSSION

       Plaintiff is again advised that this Court's July 3, 2024, order stayed this action for 90 days and expressly stated: "No pleadings or motions may be filed in this case during the stay." (*See* Doc. 24 at 2.) Any motion filed after July 3, 2024, and before a stay of these proceedings is lifted, will not be considered. Plaintiff's motion filed October 3, 2024,[1] will not be considered and will be stricken.

       Despite the fact the motion will not be considered, the Court provides Plaintiff with the following information and applicable legal standards, presuming he will wish to present his motion once the settlement conference has been conducted and the stay of these proceedings has been lifted.

       Plaintiff is advised that mental illness or disability do not generally amount to exceptional circumstances warranting the appointment of counsel. *See Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, *mental illness and disability*, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *Fletcher v. Quin*, No. 15CV2156-GPC (NLS), 2018 WL 840174, at

---

[1] The motion not signed or dated. *See* Local Rule 131 ("All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona").

2

*2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence").

To the extent Plaintiff wishes to seek a competency determination in these proceedings, he is advised that "[a] party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). Exactly what constitutes "substantial evidence" is not specifically denoted in *Allen*; however, courts may consider evidence such as sworn declarations and letters from treating psychiatrists. *Id*. at 1151–53. In *Allen*, the Ninth Circuit found substantial evidence of incompetency where the petitioner submitted his own sworn declaration and another inmate's declaration explaining petitioner's mental illness and inability to understand the court's orders, as well as a letter from the petitioner's psychiatrist detailing his diagnosed schizophrenia and medications. *Id*. at 1153. An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence. *See McElroy v. Cox*, No. 08–1221 JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009). In *McElroy*, the plaintiff, a pro se prisoner in a section 1983 case, presented documents similar to those provided in *Allen* to support his mental disability; however, the court found "there is no nexus between his mental disorder and his ability to articulate his claims." *Id*. at *3. The court found the plaintiff's ability to articulate his claim was not affected by his mental disorder. *Id*. The plaintiff's complaint passed the court's screening, he successfully opposed Defendants' motion to dismiss by presenting legal arguments with documentary support, and his motions for appointment of counsel were drafted with clarity and proper arguments. *Id*. Medical records also showed that he functioned well when properly medicated. *Id*. The court denied Plaintiff's motion to appoint counsel because he had not shown that the interests of justice or exceptional circumstances warranted appointment of counsel. *Id*.

Vague or unsupported allegations of mental illness or learning disabilities do not amount to substantial evidence of incompetence. *See Yocom v. Cnty. of Tulare*, No. 1:21-cv-00849-HBK (PC), 2023 WL 5723828, at *1 (E.D. Cal. Sept. 5, 2023); *Meeks v. Nunez*, No. 13cv973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). Thus, Plaintiff is advised that his own

descriptions of his mental disabilities are insufficient—Plaintiff is not a physician or psychiatrist. As noted above, a letter from a treating psychiatrist including a diagnosis and other supporting information, such as sworn declarations, are required.

Finally, the Court notes Plaintiff asks how to disqualify the undersigned from this action. However, the Court does not provide legal advice to litigants. *See, e.g.*, *Mansour v. Luken*, No. 1:22-cv-01054-JLT-EPG (PC), 2023 WL 2992979, at *1, n.1 (E.D. Cal. Apr. 18, 2023); *Mills v. Jones*, No. 1:23-cv-00134-ADA-EPG (PC), 2023 WL 2645667, at *2, n.1 (E.D. Cal. Mar. 27, 2023); *Foust v. Kuku-Ojo*, No. 2:16-cv-2731 WBS AC P, 2020 WL 2112114, at *4 (E.D. Cal. May 4, 2020). Plaintiff is referred to the Federal Rules of Civil Procedure for the information he seeks.

### III.  CONCLUSION AND ORDER

Accordingly, the Court **ORDERS**:

1. The stay of these proceedings is *extended* to November 8, 2024, unless otherwise ordered by the Court. **No pleadings or motions may be filed in this case during the stay**; and

2. Plaintiff's motion filed October 3, 2024 (Doc. 37) is **STRICKEN**. Plaintiff may resubmit a motion concerning the appointment of counsel and/or a competency determination after the settlement conference of November 5, 2024, has been conducted *and* after the stay of these proceedings has been lifted by Court order.

IT IS SO ORDERED.

Dated:   **October 4, 2024**

UNITED STATES MAGISTRATE JUDGE

4