1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   DEVONTE FIELDS,                          Case No.: 1:22-cv-01122-KES-CDB

12                      Plaintiff,            **ORDER DENYING PLAINTIFF'S MOTION
                                              FILED OCTOBER 31, 2024**
13         v.
                                              (Doc. 45)
14   J. SANCHEZ, et al.,

15                      Defendants.

16

17         Plaintiff Devonte Fields is proceeding pro se and *in forma pauperis* in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19         **I.      RELEVANT BACKGROUND**

20         This matter was originally scheduled for a settlement conference before Magistrate Judge

21   Sheila K. Oberto on November 5, 2024. (Doc. 35.) On October 29, 2024, Judge Oberto conducted

22   a telephonic pre-settlement conference wherein it was determined a settlement conference would

23   be premature. (Docs. 43, 44.) This Court subsequently issued an Amended Order Continuing and

24   Resetting Settlement Conference and Settlement Conference Procedures on October 31, 2024.

25   (Doc. 44.) The settlement conference before Judge Oberto was continued to January 30, 2025,

26   and the relevant modified deadlines provided. (*Id*. at 1-3.) Additionally, the order advised

27   Plaintiff that he could submit a motion for the appointment of counsel and/or a motion for a

28   competency determination, despite the extended stay of the proceedings. (*Id*. at 4.)

1    That same date, Plaintiff filed a document titled "Notice Motion Plaintiff is Totally lost

2    Doesn't have any Help He's Disabled with Mental problems and learning Plaintiff shows proof of

3    the claim Please Help." (Doc. 45.)

4    On November 15, 2024, Defendants filed an opposition to Plaintiff's motion. (Doc. 46.)

5    The Court construes Plaintiff's filing to be a motion for the appointment of counsel and a

6    motion for a competency hearing.

7    **II.    DISCUSSION**

8    ***The Parties' Briefing***

9    Plaintiff's motion states: "I write with understanding of The Notice of Settlement as

10   required by Local Rule 160. [¶] However, I do not understand the process[.] I don't know how to

11   respond to it. I have proof to why I can not. Please help me. I'm begging you." (Doc. 45.)

12   Attached to the motion are the following documents: (1) a letter from Alta California Regional

13   Center to Plaintiff dated September 1, 2024; (2) Page 3 of an undated document from the Alta

14   Regional Medical Center, identified as an "Individual Program Plan" for "Consumer: Devonte

15   Shawn Dupree Fields;" (3) a CDC 128C-2 form dated August 14, 2017; (4) a handwritten page

16   bearing the heading "IV. Relief" and signed August 28, 2022, by Plaintiff; (5) Page 1 of a 3-page

17   document bearing the heading "IN-HOME Annual Review of IPP;" (6) the first page of a

18   Psychological Evaluation and Testing Report dated May 26, 2004, prepared by Psychologist

19   Jeffrey E. Miller; (7) a document titled "Mental Health Forms" from the California Men's Colony

20   dated July 17, 2019; (8) a document titled "Mental Health Documentation" from Salinas Valley

21   State Prison printed September 2, 2021; (9) Page 2 of an undated document titled "Social

22   Assessment."

23   Defendants oppose Plaintiff's motion, arguing he has failed to show exceptional

24   circumstances warranting the appointment of counsel. Defendants contend the documents

25   submitted by Plaintiff in support of his motion "are neither authenticated nor easily capable of

26   authentication." Moreover, Defendants argue the documents fail to identify "any diminished

27   cognitive capacity" for Plaintiff resulting from a mental health diagnosis.

28

2

1

### *The Applicable Legal Standards*

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

"A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence. *See McElroy v. Cox*, No. 08-1221 JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009).

### *Analysis*

#### The Appointment of Counsel

Here, there exist no exceptional circumstances warranting the appointment of counsel. First, it is premature to assess the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Defendants appeared in this action on July 2, 2024, and the Court referred the matter for an early settlement conference. The settlement conference is presently set for January 30, 2025. Discovery has not yet commenced, and a scheduling order concerning discovery will not issue until after a settlement conference is conducted and settlement efforts prove unsuccessful. Notably, while Plaintiff's operative complaint survived screening, at

3

1  screening the Court is tasked with determining whether a plaintiff has sufficiently and plausibly
2  alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are
3  not tested at that stage because the Court is required to consider the factual allegations to be true
4  for purposes of screening.

5  Next, considering Plaintiff's ability to articulate his claims pro se in light of the
6  complexity of the legal issues involved, the Court finds Plaintiff able to articulate his claims in
7  light of their complexity. *Rand*, 113 F.3d at 1525. Plaintiff plausibly alleged excessive force
8  claims against Defendants Burnes, Flores, and Sanchez. Excessive force claims are not complex.
9  *See, e.g.*, *Davis v. Portillo*, No. 1:22-cv-00457-KES-CDB (PC), 2024 WL 1313043, at *3 (E.D.
10  Cal. Mar. 27, 2024); *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS,
11  2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and
12  wrongful death are not complex"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL
13  1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not
14  complex nor will he be required to do legal research since the court is familiar with the law on
15  claims of excessive force and failure to protect"). Notably too, an exhibit to Plaintiff's complaint
16  includes a copy of a grievance dated December 9, 2019, apparently prepared by Plaintiff. The
17  grievance also establishes Plaintiff is able to articulate his claims. (*See* Doc. 1 at 17-19.)

18  To the extent Plaintiff relies upon his asserted mental or cognitive disability to support his
19  request, Plaintiff is advised such a condition does not typically warrant the appointment of
20  counsel. *See Howard v. Rodriguez*, No. 1:24-cv-00285-JLT-SAB (PC), 2024 WL 13970464, at *2
21  (E.D. Cal. Aug. 28, 2024) ("although Plaintiff submits several mental health records, the mere
22  fact that Plaintiff receives mental health treatment does not make his case extraordinary. Indeed,
23  the Court is regularly faced with cases filed by prisoners proceeding pro se while receiving
24  mental health treatment"); *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290,
25  at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a
26  deficient general education, lack of knowledge of the law, *mental illness and disability*, do not in
27  themselves establish exceptional circumstances warranting appointment of voluntary civil
28  counsel"); *Fletcher v. Quin*, No. 15CV2156-GPC (NLS), 2018 WL 840174, at *2 (S.D. Cal. Feb.

1   13, 2018) (impairment must be "an incapacitating mental disability" and be supported by

2   "substantial evidence of incompetence").

3                                    A Competency Hearing

4          In *Allen*, the Ninth Circuit found substantial evidence of incompetency where the

5   petitioner submitted his own sworn declaration and another inmate's declaration explaining

6   petitioner's mental illness and inability to understand the court's orders, as well as a letter from

7   the petitioner's psychiatrist detailing his diagnosed schizophrenia and medications. *Allen*, 408

8   F.3d 1150 at 1153. In *McElroy*, the plaintiff, a pro se prisoner in a section 1983 case, presented

9   documents, similar to those provided in *Allen* to support his mental disability; however, the court

10  found plaintiff successfully survived screening of his complaint, successfully opposed

11  Defendants' motion to dismiss, that his motions for appointment of counsel were drafted with

12  clarity, the medical records showed that he functions well when properly medicated, and that

13  "there is no nexus between his mental disorder and his ability to articulate his claims." *McElroy*,

14  2009 WL 4895360 at *3.

15         Here, following its review of the documents submitted by Plaintiff, the undersigned

16  concludes a competency hearing is unwarranted at this stage of the proceeding. Plaintiff has not

17  provided the Court with a letter from his treating psychiatrist detailing any diagnosis, nor has he

18  submitted any sworn declaration. The documentation provided by Plaintiff, setting aside any issue

19  concerning authentication, reveals only that Plaintiff no longer receives services from Alta

20  California Regional Center, and that Plaintiff previously qualified for services at some unknown

21  time in the past from that agency, based on diagnoses of mild mental retardation, bipolar disorder,

22  oppositional defiant disorder, and antisocial personality traits. Further documentation from Alta

23  California Regional Center concerning a review of "progress on IPP" is dated from 2010, and

24  provides similar information, as well as information concerning Plaintiff's juvenile and adult

25  criminal history. It also indicates that at that time Plaintiff received adaptive living skills

26  instruction. The CDC 128C-2 form dated in April 2017 indicates Plaintiff received additional

27  time for orientation in new situations, required the use of simple language to ensure

28  understanding and prompts to complete self-care and daily living tasks, and was provided with

assistance in understanding official paperwork and extra training and supervision when given new jobs to perform. It further indicates a *possible* developmental disability prior to the age of 18. Further, the single page provided from a Psychological Evaluation and Testing Report prepared by Psychologist Jeffrey E. Miller is dated more than 20 years ago and does not include a diagnosis of any mental incapacity or disability. Rather, it recites the referral from his intake counselor at Alta California Regional Center, the records Dr. Miller reviewed, and the dates and duration of Dr. Miller's interviews with Plaintiff and his parents. Next, while a document submitted from the California Men's Colony, dated in July 2019, references diagnoses of borderline personality disorder, Klinefelter syndrome, and major depressive disorder had been "confirmed," it appears Plaintiff was receiving treatment for those conditions. Further, the document submitted from Salinas Valley State Prison titled "Mental Health Documentation" appears to concern a rules violation report or disciplinary report. It does reference depression, mood and impulse control difficulties, and usual or irrational beliefs, but also indicates the preparer's belief that Plaintiff's mental illness did not strongly influence his behavior, and that it his "mental illness *may* have contributed to his behavior." Finally, Page 2 of an undated and unidentified "Social Assessment" merely records Plaintiff's interactions with the interviewer and his mother who was present, as well as behaviors attributed to Plaintiff's siblings, and appears to have been prepared more than a decade ago.

In sum, the documentation provided by Plaintiff does not amount to substantial evidence of incompetence. Many of the documents are more than 10 years old and reference diagnoses made by others. *See, e.g.*, *Beckett v. Scalia*, No. 1:20-cv-01468-JLT-CDB (PC), 2024 WL 134577, at *2 (E.D. Cal. Mar. 29, 2024) ("the Court will not order a competency determination on Plaintiff's statements alone. Plaintiff must present 'substantial evidence of incompetence' but has failed to do so. If Plaintiff wishes the Court to make such a determination, he should submit *evidence* for the Court's consideration. Something more than Plaintiff's statements alone—for example, statements from treating physicians, medical records regarding diagnoses and medications, and/or sworn declarations of knowledgeable witnesses"). Plaintiff will be provided another opportunity to file a motion for the appointment of counsel and/or a motion for a

competency hearing. Should he elect to do so, Plaintiff should provide documentation not merely referencing past mental health diagnoses or conditions, but a *current* statement from a treating psychiatrist or psychologist concerning his present mental health diagnoses, accompanied by sworn declarations. Because this matter is set for a settlement conference in late January 2025, Plaintiff will be directed to file any such motion within 30 days to allow for its consideration prior to the settlement conference.

### III.   CONCLUSION AND ORDER

Accordingly, Plaintiff's motion (Doc. 45) filed October 31, 2024, is **DENIED**. Plaintiff may file a motion for the appointment of counsel and/or motion for competency hearing **within 30 days** of the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 9, 2024**

_____
UNITED STATES MAGISTRATE JUDGE