UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE FIELDS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. SANCHEZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:22-cv-01122-KES-CDB<br><br>**ORDER DISCHARGING ORDER FOR WARDEN OF CALIFORNIA STATE PRISON, CORCORAN TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH A COURT ORDER**<br><br>(Doc. 53) |

Plaintiff Devonte Fields is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　BACKGROUND**

This matter was scheduled for a settlement conference via Zoom videoconferencing before the undersigned on January 30, 2025, at 10:30 a.m.

On December 9, 2024, the Court issued an Order & Writ of Habeas Corpus Ad Testificandum, directing Plaintiff's custodian to produce him for a Zoom video conference on January 30, 2025, at 10:30 a.m. (*See* Doc. 48.) The writ was served on the institution's litigation coordinator via email and regular mail on that same date.

On January 30, 2025, Plaintiff appeared after a ninety (90) minute delay. Plaintiff was standing in a holding cage several feet from a laptop used to connect to the conference call which

made it difficult to hear him when he spoke. (*See* Docs. 51 [minutes] & 52 [minute order].)

In light of the foregoing, the Court issued its Order For Warden of California State Prison, Corcoran To Show Cause Why Sanctions Should Not Be Imposed For Failure To Comply With A Court Order (OSC). (Doc. 53.) The warden was directed to explain, within seven days, why he or she failed to notify the Court that Plaintiff would be unavailable at 10:30 a.m. on January 30, 2025, for the scheduled settlement conference. (*Id*. at 2.)

On February 5, 2025, Defendants filed a response to the OSC. (Doc. 54.)

## II.     DISCUSSION

The response to the OSC (Doc. 54) is supported by the Declaration of P. Williams, the Litigation Coordinator at California State Prison-Corcoran (Doc. 54-1), and the Declaration of Deputy Attorney General Paul Kozina (Doc. 54-2).

Defendants state Plaintiff was placed in a mental health crisis bed on January 25, 2025, and the litigation office was unaware of that fact until the morning of the settlement conference. (Doc. 54 at 3.) Following that discovery, the litigation office immediately contacted mental health staff to have Plaintiff medically cleared to appear and did so "as fast as possible." (*Id*.) Once Plaintiff was made available, he was "placed in a plexiglass covered holding cell," a heightened security measure for individuals in a mental health crisis bed assignment. (*Id*.)

Defendants contend the Court should not impose sanctions in this case because Plaintiff's placement in a mental health crisis bed amounts to inadvertent conduct involving prison officials, rather than conduct involving bad faith or willful disobedience on their part. (Doc. 54 at 3.) The "prison endeavored to have Plaintiff cleared by mental health professionals" to allow for his attendance, but "delays in the process, coupled with the need to place Plaintiff in a protective holding cell, impeded the prison's ability to promptly comply with the Court's order." (*Id*. at 3-4.) Defendants assert that conduct demonstrates a good faith attempt to comply with the Court's order. (*Id*. at 4.) Defendants note defense counsel maintained constant communication with prison authorities throughout the morning, and that prison officials "took all possible actions to expedite the process." (*Id*.)

Defendants conclude that the prison's failure to timely present Plaintiff for the January 30, 2025, settlement conference was unintentional and that staff "did all they could to bring Plaintiff before the Court," but Plaintiff's emergency mental health needs and necessary safety precautions rendered the Court unable to conduct the settlement conference. (*Id*. at 5.) Defendants request the Court discharge its OSC without issuing sanctions. (*Id*. at 6.) Based on this explanation, the Court will discharge the OSC.

### III.  CONCLUSION AND ORDER

Based upon the foregoing, the Court **HEREBY ORDERS**:

1.  The OSC issued January 30, 2025 (Doc. 53) is **DISCHARGED**; and

2.  Defense counsel is **DIRECTED** to contact Courtroom Deputy Wendy Kusamura, **no later than February 14, 2025**, to set a settlement conference in March.

IT IS SO ORDERED.

Dated:  **February 6, 2025**              /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE