UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE FIELDS,<br><br>        Plaintiff,<br><br>   v.<br><br>J. SANCHEZ, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-01122-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO RESCIND THE SETTLEMENT AGREEMENT AND TO GRANT DEFENDANTS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT**<br><br>(Docs. 65 & 68)<br><br>**14-DAY OBJECTION DEADLINE** |

      Plaintiff Devonte Fields is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      **I.    BACKGROUND**

      A settlement conference was held in this matter before the undersigned on March 25, 2025. (Doc. 61 [minutes].) The parties reached a settlement, the terms and conditions were noted on the record, and dispositional documents were to be filed within 30 days. (Doc. 62; Doc. 66 at 4.) On April 21, 2025, Defendants filed a notice indicating Plaintiff refused to sign the settlement documents. (Doc. 63.) On April 30, 2025, Defendants filed a transcript request regarding the settlement conference. (Doc. 64.)

On May 5, 2025, Plaintiff filed a document titled "Notice of Motion to Withdraw Settlement Agreement as Settlement Happened While Plaintiff Was in Over Their Head and Was Under Tremendously and Extremely Distress." (Doc. 65.) Defendants filed an opposition on May 19, 2025. (Doc. 67.) On May 20, 2025, Defendants filed a Motion to Enforce the Parties' Settlement Agreement (Doc. 68); Plaintiff did not file a timely opposition.[1]

On July 11, 2025, Plaintiff filed a document titled "Plaintiff Recant Their Settlement Agreement Plaintiff was Under Duress by Judge Ms. Oberto and While Under Distress; Plaintiff [Requests Trial] and Discovery." (Doc. 69.)

## II. SUMMARY OF THE PARTIES' BRIEFING

*Plaintiff's Motion (Doc. 65)*

Plaintiff states he wishes to "[withdraw] settlement under good cause" and declares he is an "intellectual developmental disability incarcerated person" suffering from "mental and learning disabilities," including "developmental delays and mental health history." Plaintiff states that during the settlement conference he "was under extremely and tremendously duress as judge Ms. O continued to pressure" him into "accepting a low settlement agreement." Plaintiff states he did not "fully [comprehend]" the proceedings and asserts Magistrate Judge Oberto "did not use basic language nor did she speak slow" or "ensure that [he] had a staff assistant." Further, Plaintiff states he was "in a tremendous amount of pain in [his] stomach" and later underwent emergency surgery at an outside hospital. He asserts he "was under poor judgment" and no one made certain he wanted to accept the settlement.

Plaintiff asserts he recalls informing Judge Oberto that he would "compromise down to $70,000" and "even again went down to $49,000," but states that was the "lowest [he] ever went." Plaintiff contends Judge Oberto "wouldn't let up even after [he] stated more than once" that he was prepared to take the case to trial." Plaintiff concludes: "Bottom line, I [withdraw] the settlement of $15,000. And I state now that I'm in better health and [less] pain, that I will not sign settlement agreement papers and I want to go to trial."

---

[1] Local Rule 230(*l*) requires any opposition to be filed within 21 days.

2

    Defendants opposed Plaintiff's motion.[2] They contend Plaintiff has provided no evidence that he was under duress at the time he entered the settlement agreement, that there is "no evidence that Judge Oberto did anything improper or coerced Plaintiff in any way" and that he "made no statements that he was under duress or in any way felt his judgment was compromised when agreeing to the settlement agreement." When defense counsel read the terms of the agreement and Judge Oberto asked Plaintiff whether he agreed to the settlement, Plaintiff responded "'Yes." Defendants state that Plaintiff was free to express his concerns on the record, but he did not do so. Further, Defendants note defense counsel "specifically warned Plaintiff that 'refusal to sign the settlement paperwork is not a reason to later rescind the settlement.'" Defendants state that Plaintiff has "fabricated allegations against Judge Oberto placing him under duress" and contend Plaintiff's claims are false and his motion should be denied.

### *Defendants' Motion (Doc. 68)*

    In a motion filed on May 20, 2025, Defendants assert there is no dispute that the parties reached a complete settlement in this action. Further, Defendants contend the agreement is enforceable and included the following material terms: (1) a payment to Plaintiff of $15,000, subject to restitution obligations; (2) dismissal of the action with prejudice; (3) Plaintiff to sign a formal settlement agreement and release, payee data record form, and a stipulation to voluntary dismissal with prejudice. Payment was to be made within 180 days of Defendants' receipt of the settlement documents.

    Defendants state the parties entered into an enforceable agreement on March 25, 2025, and the settlement documents were emailed to the litigation coordinator at Plaintiff's institution on March 26, 2025, and were to be hand delivered to Plaintiff. The settlement agreement provided to Plaintiff is consistent with the terms of the settlement placed on the record to which Plaintiff agreed. Defendants contend the Court should enforce the agreement.

### *Plaintiff's Notice (Doc. 69)*

    In a one-page filing signed July 1, 2025, Plaintiff states he wishes "to recant [his]

---

[2] *See* Doc. 67.

3

agreement of settlement of $15,000." He states that during the settlement conference he "was under distress and suffering grant [sic] amount of duress at the time and by Judge Ms. Oberto kept pressure on [his] decision makin [sic].'" He states: "You cannot force me to accept anything I didn't sign for that agreement." Plaintiff asserts his "intestines were crossed over one of each other. [Preventing him] from using the number two." He concludes that he wants "to go to trial and take this to discover[y]."

### III.   DISCUSSION

#### A. *The Settlement Conference Proceedings*

Following mediation by the undersigned, the parties agreed to material terms of the settlement on the record, as follows:

> THE COURT: We are on the record and - - we're on the record in the case of Devonte "Inmate" Fields v. Sanchez, et al, Action 22-cv-1122.
>
> The purpose of this proceeding is to memorialize the material terms of the settlement agreement that's been reached in the immediately preceding court-supervised settlement conference.
>
> So, Mr. Fields, we have a settlement. You had made a demand, and we're going to go over that. So, this will be - - we're going to put it on the record to make sure that both sides are bound by it. In other words, both sides are going to follow the terms of the settlement, Mr. Fields.
>
> Can we please set forth the appearances on the record?
>
> MR. KOZINA: Of course, Your Honor. Paul Kozina here for the defendants.
>
> THE COURT: Good afternoon to you, Mr. Kozina. [¶] And, Mr. Fields, could you set forth your appearance too? You're representing yourself, sir.
>
> MR. FIELDS: Yes. Plaintiff Devonte Shawn-Dupree Fields.
>
> THE COURT: Good afternoon to you. So these proceedings are significant because once it's set forth on the record, it is binding. So what I'm going to do is ask Mr. Kozina to set forth the terms of the settlement agreement on the record. And the amount is what you agreed to, Mr. Fields. So, we're going to go over that.
>
> MR. KOZINA: Thank you, Your Honor. [¶] At this time I'll place the terms of the settlement onto the record. The parties have agreed to resolve this matter in its entirety. This settlement resolves all claims that were raised or could have been raised concerning

4

allegations in the lawsuit and any amendments against defendant, whether named or unnamed and whether served or unserved, any past or current employees of CDCR.

Plaintiff waives application of Civil Code Section 1542. This agreement will also resolve any rights on appeal. Defendants have denied plaintiff's allegations, and nothing about the settlement may be construed as an admission of liability.

Defendants agree to pay plaintiff a total sum of $15,000. In return, plaintiff agrees to dismiss this case [with prejudice], to sign a settlement agreement and release and a payee data record form, which will allow us to pay him the settlement funds, which are all material terms of the settlement. The parties shall bear their own costs and attorneys' fees. This is also a material term of the settlement.

Any settlement proceeds will be reduced by deductions to cover administrative fees and the outstanding restitution balances, and the other fees [or costs] owed by plaintiff. While no representations are being made concerning the amount of restitution owed, the last amount that we received was a zero balance.

This agreement can take up to 180 days. This 180-day time period will begin when the plaintiff completes all necessary paperwork, which includes the settlement agreement, stipulation [to] voluntary dismissal of prejudice, and payee data record, and sends that paperwork to defendants. Defendants will provide plaintiff with all necessary paperwork to sign. It is important to note that refusal to sign the settlement paperwork is not a reason to later rescind the settlement once we are concluded here today. The stipulation [to] voluntary dismissal of prejudice will be filed with the court within 30 days. …

THE COURT: Thank you very much. [¶] Mr. Fields, you understand that we have a settlement as of today in your case?

MR. FIELDS: Yes, ma'am. Yes, ma'am.

THE COURT: Thank you very much. And you understand that the settlement is being as of today, and even though the settlement agreement, the written settlement agreement, will not be done - - how long will that take, Mr. Kozina?

MR. KOZINA: I should be able to mail it out to him by tomorrow.

THE COURT: Okay, thank you. [¶] So you'll get a written settlement agreement by tomorrow.

MR. FIELDS: Okay.

THE COURT: Understood, Mr. Fields? Thank you very much.

MR. FIELDS: Yes.

5

[¶]-[¶]³

THE COURT: … And, Mr. Kozina, you have authority to enter into the settlement agreement on the terms recited on behalf of your clients, correct?

MR. KOZINA: Correct, Your Honor. I do.

THE COURT: Okay. And, Mr. Fields, you agree with the settlement agreement, too?

MR. FIELDS: Yes.

THE COURT: Okay. And the settlement agreement will be set forth in writing and will be given to you as quickly as possible, Mr. Fields, because the quick - - the more quickly you sign the settlement agreement and it gets done, the more quickly you'll be able to get the funds that you're entitled to as a part of the settlement. I'm happy to help in any way I can, and I'll retain jurisdiction to enforce the terms of the settlement pending receipt of a declaration from defense counsel that the money has been deposited into Mr. Field's trust account.⁴

MR. KOZINA: Okay.

THE COURT: So that we make sure that Mr. Fields - -

MR. FIELDS: Is it possible that the money can be sent to a bank account?

MR. KOZINA: I'm sorry, Mr. Fields, no. The way these settlement structures work and as required by law, the funds have to be deposited into your trust account at the prison. However, once the

---

³ A brief colloquy occurred between the Court and defense counsel about expediting the settlement paperwork by emailing it directly to the litigation coordinator at Plaintiff's facility versus sending the documents via U.S. mail. (Doc. 66 at 5-6.)

⁴ Federal courts do not have inherent power to enforce settlement agreements entered into by the parties. *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014). Generally, when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute arising under the settlement agreement is a separate contract dispute that requires its own independent basis for jurisdiction. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). However, courts do have the authority to enforce a settlement agreement while the litigation is still pending or when the settlement agreement is referenced in the dismissal order, or the court has retained jurisdiction to enforce the agreement. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Kelly*, 822 F.3d at 1085. Moreover, the Supreme Court has held that dismissal of a federal suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) divests the court of jurisdiction over a state law breach of contract action. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380-82 (1994). *Kokkonen* further held that absent the court embodying the settlement contract or retaining jurisdiction over the settlement contract in the dismissal order, enforcement of the settlement agreement is for state courts. *Id.* at 381-82. Here, the litigation remains pending, dismissal has not been entered, and the undersigned retained jurisdiction until Plaintiff receives the settlement funds. *In re City Equities Anaheim, Ltd.*, 22 F.3d at 957; *Kelly*, 822 F.3d at 1085.

>funds are within your trust account, you are free to do whatever you'd like with those funds.

(Doc. 66 at 2-7.)[5]

### B. The Applicable Legal Standards

The Court has inherent authority to enforce settlement agreements between the parties in cases pending before it. *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-1014 (9th Cir. 2003), *cert. granted and judgment vacated on other grounds*, *Quest Corp. v. Metronet Services Corp*., 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131, 1136-1138 (9th Cir. 2002). That authority extends to oral agreements. *Doi*, 276 F.3d at 1138; *see also Woods v. Carey*, No. 2:04-cv-1225 MCE AC P, 2015 WL 7282749, at *4 (E.D. Cal. Nov. 18, 2015), report and recommendation adopted, 2016 WL 11440086 (E.D. Cal. Jan. 15, 2016), aff'd, 715 Fed. App'x 694 (9th Cir. 2018). To enforce a settlement agreement, two elements must be satisfied. First, the settlement agreement must be complete. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Doi*, 276 F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement. *See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977); *Doi*, 276 F.3d at 1137-1138. Once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. *See, e.g.*, *Doi*, 276 F.3d 1131; *Spitzer v. Aljoe*, 734 F. App'x 457 (9th Cir. 2018); *Gastile v. Virga*, No. 2:11-cv-2829-JAM-EFB, 2015 WL 13065433, at *2 (E.D. Cal. Feb. 10, 2015), report and recommendation adopted, 2015 WL 13065220 (E.D. Cal. June 10, 2015), aff'd, 670 F. App'x 526 (9th Cir. 2016).

In *Doi*, an employee filed a discrimination lawsuit against her employer. *Doi,* 276 F.3d at 1134. The parties entered into settlement negotiations, and the district court facilitated discussions that ultimately bore a settlement agreement. *Id.* The settlement agreement required the employee to release all claims against the employer and to execute a stipulation dismissing the action with

---

[5] The docket entry is restricted; however, Defendants served Plaintiff with a copy of the Transcript of Settlement Conference Before the Honorable Sheila K. Oberto as Exhibit C to their motion to enforce the settlement. *See* Doc. 68-2 at 17-25.

7

prejudice. *Id.* In open court, the parties announced that they had reached a settlement and placed the terms of the settlement on the record. *Id.* The attorney for the employer recited the terms of the settlement, and the attorney for the employee assented to the terms. *Id.* The court then asked the employee, "The terms, as stated right now, do you agree to those? . . . You do agree?" *Id.* The employee responded, "Yeah." *Id.*

Within two days of reaching the agreement and placing it on the record, the employee refused to execute the release and the stipulation to dismiss and proposed new settlement terms inconsistent with those placed on the record. *Doi,* 276 F.3d at 1135. The employer moved to enforce the settlement agreement and for sanctions in the form of attorney fees. *Id.* The district court granted the motion, awarded a sanction of $1,000, and entered judgment dismissing the case with prejudice. *Id.* at 1136. The employee appealed, arguing, among other things, that she did not enter into any binding settlement agreement because she did not actually intend to be bound until there was a writing. *Id.* at 1136-37. The Ninth Circuit affirmed the district court's decision. *Id.* at 1141. The Court reasoned:

> In this case, however, the settlement was negotiated in off-the-record discussions with the court. The parties then went into open court and announced that there was a settlement. The settlement contained agreement as to all material terms, which terms were put on the record. And in response to direct questioning by the court, Doi stated that she agreed with the terms. Unlike in *Ciaramella*, then, there was no need for the court to engage in factual inquiries to determine whether Doi agreed to be bound by the terms of the agreement. Any question as to Doi's intent to be bound was answered when she appeared in open court, listened to the terms of the agreement placed on the record, and when pressed as to whether she agreed with the terms, said "yeah."

*Id.* at 1137-38 (footnote omitted) (comparing the facts in *Doi* to those in *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320 (2d Cir. 1997)). The Ninth Circuit also explained that: "At a time where the resources of the federal judiciary... are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits [him]. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." *Doi,* 276 F.3d at 1141.

8

### C. Plaintiff May Not Rescind His Agreement to Settle This Action

Applying these legal standards to Plaintiff's motion, the Court recommends denying Plaintiff's motion to rescind the settlement agreement and granting Defendants' motion to enforce the settlement.

Here, as in *Doi*, the settlement was negotiated in off-the record discussions with the Court. (Doc. 66 at 2.) The parties then went on the record and the Court indicated a settlement on material terms had been reached. (*Id*. at 2-4.) Defense counsel recited the materials terms, including Defendants' agreement "to pay plaintiff a total sum of $15,000" and that in exchange for said payment Plaintiff agreed to sign the settlement agreement and payee data form, and to voluntarily dismiss the case with prejudice. (*Id*. at 3.)

Plaintiff expressly agreed to the material terms as recited by defense counsel. Here, like *Doi*, the settlement agreement contained the material terms placed on the record and Plaintiff agreed to those terms; thus, the parties had a binding oral agreement. *Doi*, 276 F.3d at 1136-1138.

Plaintiff's contention that the undersigned coerced him into accepting the sum of $15,000 lacks merit. The record demonstrates that Plaintiff agreed to the settlement on the record. (*See* Doc. 66 at 4 ["Mr. Fields, you understand that we have a settlement as of today in your case? MR. FIELDS: Yes, ma'am. Yes, ma'am"], 6 ["And, Mr. Fields, you agree with the settlement agreement, too? MR. FIELDS: Yes"].) Plaintiff was advised that by setting forth the settlement on the record, the agreement is binding. (Doc. 66 at 2:10-13 ["…and we're going to put it on the record to make sure that both sides are bound by it. In other words, both sides are going to follow the terms of the settlement."] & 2:23-25 ["So these proceedings are significant because once it's set forth on the record, it is binding"].) Further, Plaintiff did not indicate any reticence or discomfort, physical or otherwise, during the proceedings in open court. (*See* generally, Doc. 66.) In fact, Plaintiff inquired whether it was "possible that the money can be sent to a bank account" instead of his inmate trust account. (Doc. 66 at 7.) Plaintiff's inquiry contradicts his assertion that he did not "fully comprehend" the proceedings. *See, e.g*., *McClure v. Chen*, No. 1:14-cv-00931-DAD-GSA (PC), 2020 WL 902450, at *2 (E.D. Cal. Jan. 17, 2020) (finding there was no evidence of pressure or duress, that "Plaintiff never gave any indication that he was dissatisfied

1  with or opposed to the settlement," noting "that Plaintiff was curious how soon he could receive
2  the funds," and recommending plaintiff's motion to void the settlement agreement be denied),
3  recommendation adopted, 2020 WL 902450 (E.D. Cal. Feb. 25, 2020).

4        Any question as to Plaintiff's intent to be bound was answered when he appeared in open
5  court, listened to the terms of the agreement placed on the record, and when asked whether he
6  understood there was a settlement agreement immediately following counsel's recitation of the
7  material terms (*see* Doc. 66 at 3:4-4:16), Plaintiff said "Yes, ma'am. Yes, ma'am" (*id*. at 4:20;
8  *see also id*. at 6:18-20 ["And, Mr. Fields, you agree with the settlement agreement, too? MR.
9  FIELDS: Yes"]). *Doi*, 276 F.3d at 1137-1138; *Harrop*, 550 F.2d at1144-45; *Maynard*, 37 F.3d at
10 1401. Plaintiff may not unilaterally back out of the agreement. *Doi*, 276 F.3d 1131; *Spitzer*, 734
11 F. App'x 457.

12       As noted above, after agreeing to the settlement, Plaintiff also asked whether the
13 settlement amount can be placed in his bank account instead of his trust account. (Doc. 66 at 7:9-
14 10.) He further agreed to dismiss this action with prejudice is exchange for the sum of $15,000
15 and a waiver of any claims he may have against the Defendants. Thus, Plaintiff's motion to
16 rescind the settlement agreement should be denied. *Doi*, 276 F.3d at 1140 ("An agreement
17 announced on the record becomes binding even if a party has a change of heart after he agreed to
18 its terms, but before the terms are reduced to writing"). For those same reasons, Defendants'
19 motion should be granted.

### IV.    CONCLUSION AND RECOMMENDATIONS

Accordingly, the undersigned **HEREBY RECOMMENDS** that:

1. Plaintiff's motion to rescind the settlement agreement (Doc. 65) be **DENIED**;
2. Defendants' motion to enforce the settlement agreement (Doc. 68) be **GRANTED**;
3. The settlement be construed with an effective date of the date of the order adopting these Findings and Recommendations, such that all deadlines in the agreement will run from that date; and
4. The Court retain jurisdiction over the settlement agreement in any dismissal order.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **July 14, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE